BANK *v.* MORRISTOWN.

(*Knoxville.*    September 23, 1893.)

TAXATION.    *Exemption of* $1,000.

> Each citizen, whether a married woman or other person, owning taxable personal property is entitled to exemption out of same to the extent of $1,000 from State, county, and municipal taxation.

Constitution construed: Art. II., Sec. 28.

Acts construed: Acts 1891, Ch. 26, Sec. 1, Subsec. 6 (Ex. Sess.).

---

FROM HAMBLEN.

---

Appeal from Chancery Court of Hamblen County. JNO. P. SMITH, Ch.

SHIELDS & MOUNTCASTLE for Bank.

MCFARLAND & YOE for Morristown.

CALDWELL, J.    The bill in this cause was filed by the First National Bank of Morristown and certain of its stockholders against the Mayor and Aldermen of Morristown and its tax-collector, to restrain the collection of certain taxes alleged to have been illegally assessed by the said municipality upon shares of stock in said bank.

The defendants demurred to the bill, their demurrer was overruled, and, by special leave of the Chancellor, they have appealed to this Court.

Complainants allege, in substance, that the First National Bank of Morristown is a national banking corporation, organized and doing business as a national bank under the laws of the United States, with its *situs* within the corporate limits of the town of Morristown, in the county of Hamblen, and State of Tennessee; that its capital stock of $75,000 is divided into equal shares of $100 each, for which certificates have been issued to different owners, according to their respective interests; that among the numerous owners and holders of stock certificates are several married women, living with their husbands; that some of the stockholders reside within the corporate limits of Morristown, some without those limits, but in Hamblen County, and others in other counties of this State.

Complainants further allege, in substance, that the Mayor and Aldermen of the town of Morristown by ordinance, and its tax-assessor by actual assessment made, had declared all of said bank stock subject to municipal taxation for the year 1893, and wrongfully refused any exemption whatever to married women owning parts of said stock, whether residing within or without the corporate limits of said town, and to other stockholders residing without said corporate limits, though expressly requested so to do, and notwithstanding the fact that none of such persons had anywhere

14—9 P

claimed or been allowed any exemption from municipal taxation on other personal property.

Complainants allege, finally, that $1,000 of the stock belonging to each of said owners should have been exempted from taxation under the law, and that the assessment in question, so far as made upon the first $1,000 of the stock of each owner, was illegal and void; that, having paid all the rest of the taxes assessed against them, the stockholders are entitled to have the collection of the illegal part restrained by injunction.

The prayer for relief is appropriate to the facts alleged.

The principal grounds of demurrer are, in substance, as follows:

*First.*—That there is no exemption from taxation to the wife, where $1,000 worth of personal property has been exempted to the husband, two exemptions not being allowable to the same family.

*Second.*—That the exemption claimed can be granted to no one, "except against taxes assessed by the government where the party resides."

The demurrer was properly overruled.

One requirement of the revenue section of our Constitution is, that the Legislature shall except from taxation "$1,000 worth of personal property in the hands of each tax-payer." Const. 1870, Art. II., Sec. 28.

In obedience to that requirement, the Legislature has from time to time, in each general assessment act, expressly declared the exemption. For the

statute. in force when the assessment here complained of was made, see Acts of 1891, Extra Session, Ch. 26, Sec. 1, Sub-sec. 6.

Every citizen, whether married woman or other person, who owns personal property in the State, otherwise subject to taxation, falls directly within the constitutional and statutory provision, and is entitled to the exemption contemplated. The exemption is to "each tax-payer," not to each head of a family, nor to each person residing within the particular town or county in which the assessment may be made. No citizen answering the designation of "*tax-payer*" is excluded from the exemption. "Each tax-payer," without exception, is entitled to its benefit; that is, each citizen owning taxable personal property is entitled to the exemption.

The citizen owning the property, and to whom it may be rightfully assessed, is the *tax-payer*, and, as such, is the person for whose benefit the exemption is provided, whether that person be a married or unmarried woman, a resident of the particular town or county in which the assessment is made, or of some other part of the State. The citizen's ownership of personal property otherwise subject to taxation, is the criterion by which his or her right to the exemption is to be determined; and wheresoever the property is taxable, there the owner should be allowed the exemption, unless it has been allowed elsewhere on other taxable personalty.

The exemption is from State, county, and municipal taxation—from all alike. Neither State, county, nor municipality can exercise the taxing power against the owner of personal property, without, at the same time, allowing him the constitutional exemption.

The language of the Constitution is so clear and mandatory as to admit of neither doubt nor evasion.

Affirm and remand for answer.